1
2
3
4
5

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

6
7

| | |
|---|---|
| **UNITED STATES ex rel. SHARMAN WOOD,** | **1:07-cv-00700-OWW-SKO** |
|                **Plaintiff,** | **MEMORANDUM DECISION REGARDING MOTION TO DISMISS (Doc. 58)** |
|     **v.** | |
| **FAMILY HEALTHCARE NETWORK, et al.,** | |
|           **Defendants.** | |

### I. <u>INTRODUCTION</u>.

Plaintiff Sharman Wood ("Plaintiff") proceeds with this action pursuant to the False Claims Act on behalf of the United States. Plaintiff filed the complaint on May 11, 2007. (Doc. 1).

Defendants filed a motion to dismiss the complaint on August 27, 2010. (Doc. 58). Plaintiff filed opposition to the motion to dismiss on October 15, 2010. (Doc. 63). Defendants filed a reply on October 25, 2010. (Doc. 64).

### II. <u>FACTUAL BACKGROUND</u>.

Family HealthCare Network ("FHCN") is a private health care center that provides primary care services at clinical facilities located throughout Tulare County in California. (Comp. at 2, 5). Defendant Harry L. Foster ("Foster") was the President and Chief Executive Officer ("CEO") of FHCN at all times relevant to the

**1**

complaint. (Comp. at 6).  Defendant Tony M. Weber ("Wevebr") was the Chief Financial Officer ("CFO") of FHCN at all times relevant to the complaint.  (Comp. at 6).

On February 23, 2003, FHCN submitted an application for an Expanded Medical Capacity grant to the Health Resources and Services Administration ("HRSA"), an agency of the United States Department of Health and Human Services ("HHS").  (Comp. at 7, 8). FHCN's February 2003 grant application requested funds for expanding the staff and extending the operating hours at FHCN's clinic in Ivanhoe, California. (Comp. at 15).  On August 8, 2003, FHCN was awarded a grant in the amount of $1,980,000.00 ("Ivanhoe grant") based on the information provided in its February 2003 grant application.  (Comp. at 9).  FHCN submitted a second grant application to the HRSA on April 29, 2003 seeking funds to hire additional staff needed to establish a new FHCN clinic in Goshen, California.  (Comp. at 8, 15).  On September 21, 2003, FHCN was awarded a grant in the amount of $4,200,833.00 ("Goshen grant") based on the information provided in its April 2003 grant application.  (Comp. at 9).

Foster and Webber provided proposed staffing and budget figures included in the Ivanhoe and Goshen grant applications. (Comp. at 15).  Both the Ivanhoe and Goshen grant applications represented that additional staff were needed, that recruitment for the positions proposed in the grant applications was underway, and that all proposed positions would be filled within ninety days of a grant award.  (Comp. at 17-18).  The complaint alleges that at the time FHCN submitted the Ivanhoe and Goshen grant applications, Foster and Webber did not intend to hire the staff proposed staff

1  and knew the proposed staff would not be hired.  (Comp. at 15, 21,

2  22).  The complaint also alleges that when FHCN submitted progress

3  reports in connection with the Ivanhoe and Goshen grants,

4  Defendants knew that data presented in the reports unduly inflated

5  the number of "new users" serviced at the clinics.  (Comp. at 26).

6  ### III.  LEGAL STANDARD.

7      Dismissal under Rule 12(b)(6) is appropriate where the

8  complaint lacks sufficient facts to support a cognizable legal

9  theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

10  Cir.1990). To sufficiently state a claim to relief and survive a

11  12(b)(6) motion, the pleading "does not need detailed factual

12  allegations" but the "[f]actual allegations must be enough to raise

13  a right to relief above the speculative level." *Bell Atl. Corp. v.*

14  *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

15  Mere "labels and conclusions" or a "formulaic recitation of the

16  elements of a cause of action will not do." *Id*. Rather, there must

17  be "enough facts to state a claim to relief that is plausible on

18  its face." *Id*. at 570. In other words, the "complaint must contain

19  sufficient factual matter, accepted as true, to state a claim to

20  relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S.

21  ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal

22  quotation marks omitted).

23      The Ninth Circuit has summarized the governing standard, in

24  light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to

25  survive a motion to dismiss, the nonconclusory factual content, and

26  reasonable inferences from that content, must be plausibly

27  suggestive of a claim entitling the plaintiff to relief." *Moss v.*

28  *U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal

**3**

quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

## IV. DISCUSSION.

**A.  Count I: False Claims Act Sections 3729(a)(1) and (a)(2)**

Count I of the complaint asserts a claim for violation of sections 3729(a)(1) and (a)(2).  Section 3729(a)(1) provides:

In general. Subject to paragraph (2), any person who--

(A) knowingly presents, or causes to be presented, a

**4**

false or fraudulent claim for payment or approval;

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);

(D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;

(E) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(F) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge property; or

(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,

is liable to the United States Government for a civil penalty of not less than $ 5,000 and not more than $ 10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410), plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a).

In order to properly plead a false claims action under section 3729, a plaintiff must comply with the pleading requirements applicable to fraud claims set forth in Rule 9(b) of the Federal Rule of Civil Procedure. *E.g. Ebeid v. Lungwitz*, 616 F.3d 993, *12 (9th Cir. 2010).  Rule 9(b) provides:

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

**5**

Fed. R. Civ. P. 9(b). Rule 9 requires a plaintiff to state "the who, what, when, where, and how of the misconduct charged." *Ebeid*, 616 F.3d at 13 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

### 1. Defendants Foster and Webber

The complaint contains sufficient allegations to state claims for violation of section 3729(a)(1) against Foster and Webber. According to the complaint, Foster certified the grant applications for the Ivanhoe and Goshen grants on behalf of FHCN with knowledge that both applications falsely proposed to create new staff positions that Foster never intended to fill. (Comp. at 15). Similarly, the complaint alleges that Webber provided proposed staffing and budget figures in connection with the grant applications with knowledge that the proposed staff positions would not be filled. (Comp. at 15). The complaint's allegations that Foster and Webber did not intend to hire the additional staff proposed in the grant applications are supported by inferences drawn from facts alleged in the complaint.

The complaint alleges that during a meeting regarding preparation of the Ivanhoe and Goshen grant applications, Webber told another person that he and Defendant Foster did not have to "adhere" to the figures advanced in the grant applications. (Comp. at 22). Plaintiff avers that Foster told her in November 2003 that he never intended to hire new staff or expand services at Ivanhoe, and that he intended to use grant money to fund existing operational costs all along. (Comp. at 21). The complaint also alleges that Foster also told other senior management staff members that all of the staffing positions proposed in the grant were not

1  to be filled. (Comp. at 21). Specifically, the complaint
2  identifies Defendant Webber as an individual whom Foster instructed
3  not to hire additional staff for Ivanhoe. (Comp. at 20).

4      The complaint alleges that the staff proposed in the grant
5  application for the Ivanhoe clinic have never been hired, and that
6  recruitment efforts were never undertaken to fill the proposed
7  positions. (Comp. at 19). The complaint also alleges that the
8  hours of operation at the Ivanhoe clinic were never increased as
9  proposed in the grant application. (Comp. at 23). The complaint
10 provides sufficient factual allegations to support an inference
11 that, at the time the Ivanhoe grant application certification was
12 submitted, Foster and Webber did not intend to hire additional
13 staff for the Ivanhoe facility and thus violated the FCA by false
14 representations to the contrary to wrongfully obtain government
15 funding.

16     FHCN's application for the Goshen grant represented that
17 "staff recruitment is underway and ongoing" and that "[FHCN]
18 expects to successfully fill all new positions, complete staff
19 training, and be fully operational within 90 days." (Comp. at 19).
20 As of eight months after the Goshen grant award, the number of full
21 time employees at the Goshen facility had decreased. (Comp. at
22 21). Combined with the allegations regarding the Ivanhoe grant,
23 the fact that the number of employees at the Goshen facility had
24 decreased eight months after the grant award provides a sufficient
25 factual basis to permit an inference that, at the time the Goshen
26 grant application was submitted, Foster and Webber did not intend
27 to hire additional staff for the Goshen Facility and thus violated
28 the FCA.

**7**

Defendants contend that the complaint is deficient because (1) the complaint refers to "Defendants" as an undifferentiated group and does not indicate who made which false statements; (2) the complaint does not indicate what was actually false in the referenced grant applications; (3) the complaint does not provide a meaningful explanation of how any statements in grant applications were false.[1] (Motion to Dismiss at 4-5). None of Defendants' arguments have merit. The complaint alleges that "what was actually false" in the Ivanhoe and Goshen grant applications was FHCN's purported intent to hire additional staff and explains that the reason such statements were false is that Foster and Webber did not then intend to carry out the hiring proposals. Defendants' motion to dismiss Count I of the complaint as to Foster and Webber is DENIED.

## 2. FHCN

The extent to which an entity is liable under the FCA for the acts of its employees presents an unsettled question in the Ninth Circuit. *See United States ex rel. McCarthy v. Straub Clinic & Hosp.*, 140 F. Supp. 2d 1062, 1071 n.7 (D. Haw. 2001); *United States ex rel. McCurdy v. Gen. Dynamics Nat. Steel and Shipbuilding Corp.*, 2010 U.S. Dist. LEXIS 90307* 10-11 (S.D. Cal. 2010). Drawing every reasonable inference in favor of Plaintiff, the allegations in the

---

[1] Defendants also contend that the complaint's allegations regarding false statements contained in progress reports and other grant applications are not pled with the requisite particularity. The allegations regarding false statements made in other grant applications do not establish independent claims, rather, it appears these allegations were pled in order to establish that Defendants engaged in a pattern of making false representations, which supports an inference that Defendants knowingly made false statements in the Ivanhoe and Goshen grant applications. With respect to the progress reports, the allegations are sufficiently particular.

complaint are sufficient to hold FHCN liable for the fraudulent acts of Foster, whether under an intent-to-benefit, apparent-authority, or managerial-capacity theory. *See Grand Union Co. v. United States*, 696 F.2d 888, 891 (11th Cir. 1983) (finding liability based on intent-to-benefit theory); *see also United States ex rel. Rosales v. San Francisco Housing Auth.*, 173 F. Supp. 2d 987, 1004 (N.D. Cal. 2001) (finding liability based on managerial capacity theory). Defendants motion to dismiss Count I of the complaint as to FHCN is DENIED.

**B. Count II: False Claims Act Sections 3729(a)(3)**

Count II of the complaint alleges conspiracy. The FCA imposes liability on "[a]ny person who conspires to defraud the Government by getting a false claim allowed or paid." 31 U.S.C. § 3729(a)(3). Conspiracy claims made under the FCA must meet the particularity pleading requirement of Fed. R. Civ. P. 9(b). *Vess*, 317 F.3d at 1108. Averments of fraud under Rule 9(b) must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Here, the complaint alleges an agreement between Foster and Webber to submit misleading grant applications. The complaint also identifies the false representations made in the applications, the reasons such representations were false, and the purpose of the false representations. Defendants' motion to dismiss the conspiracy claim is DENIED.

**C. Count III: False Claims Act Section 3729(a)(7)**

Section 3729(a)(7), "the reverse false claims provision of the FCA, punishes anyone who 'knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or

decrease an obligation to pay or transmit money or property to the Government.'" *United States v. Bourseau*, 531 F.3d 1159, 1164 (9th Cir. 2008). A reverse FCA claim includes five elements: (1) a false record or statement; (2) knowledge of falsity; (3) use of the false statement to conceal, avoid, or decrease an obligation to the government; (4) purpose to conceal, avoid, or decrease an obligation to the government; and (5) materiality. *Id*. at 1164-1171.

According to the complaint, FHCN was required to submit two types of reports to the United States after receiving the Ivanhoe and Goshen grants: individual grant progress reports and yearly uniform data system reports. (Comp. at 13-14). Progress reports for the Ivanhoe grant were due on January 15, 2004, July 15, 2004, and January 17, 2005. (Comp. at 14). Progress reports for the Goshen grant were due on December 31, 2003 and June 30, 2004. (Comp. at 14). The complaint alleges that FHCN's first progress reports for the Goshen and Ivanhoe grants contained the false statement that the increase in medical providers would be reflected in subsequent reports. (Comp. at 23-24). The complaint also alleges that Foster and Webber were aware that FHCN's database system, "Mega West," was manipulated to fraudulently inflate the number of new patients, and that Foster and Webber knowingly used misleading Mega West data in its progress reports and yearly uniform data system reports in order to create the appearance that FHCN was serving more patients than it actually was. (Comp. at 26-27). The complaint alleges that Foster and Webber knowingly caused to be submitted progress reports and yearly uniform data system reports that contained false material information, and that the

reports were submitted for the purpose of concealing, avoiding, or decreasing an obligation to the government.  Defendants' motion to dismiss the reverse FCA claim is DENIED.

**D. Short and Plain Statement Requirement**

Defendants complain that because the complaint is "replete with legislative history...[and] regulatory and statutory authority," the complaint fails to comply with Rule 8's short and plain statement requirement.  (Motion to Dismiss at 7).  Although the complaint does contain some unnecessary background information, such information does not render the complaint confusing or otherwise violative of Rule 8.  Much of the statutory and regulatory authority set forth in the complaint is relevant to establishing Defendants' knowledge of the wrongfulness and materiality of their alleged false statements.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Defendants' motion to dismiss is DENIED in its entirety;

2) Plaintiff shall lodge a formal order consistent with this decision within five (5) days following electronic service of this decision by the clerk.

IT IS SO ORDERED.

**Dated:    December 20, 2010         /s/ Oliver W. Wanger**
                                 UNITED STATES DISTRICT JUDGE