UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SHARMAN WOOD,<br><br>            Plaintiffs,<br><br>     v.<br><br>FAMILY HEALTHCARE NETWORK; HARRY L. FOSTER; TONY M. WEBER; and DOES 1 through 50,<br><br>            Defendants. | 1:07-cv-0700 OWW SKO<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Discovery Cut-Off: 12/16/11<br><br>Non-Dispositive Motion Filing Deadline: 1/3/12<br><br>Non-Dispositive Motion Hearing Date: 2/3/12 9:00 Ctrm. 8<br><br>Dispositive Motion Filing Deadline: 1/17/12<br><br>Dispositive Motion Hearing Date: 2/27/12 10:00 Ctrm. 3<br><br>Settlement Conference Date: 1/18/12 11:00 Ctrm. 8<br><br>Pre-Trial Conference Date: 3/26/12 11:00 Ctrm. 3<br><br>Trial Date: 6/5/12 9:00 Ctrm. 3 (JT-14 days) |

I.   Date of Scheduling Conference.

    February 10, 2011.

II.  Appearances Of Counsel.

    Hirst Law Group, P.C., by Michael A. Hirst, Esq., appeared on behalf of Qui Tam Plaintiff.

1

Dawn N. Valentine, Esq., and John S. Pierce, Esq., appeared on behalf of Defendants Family Healthcare Network, Harry L. Foster, and Tony M. Weber.

III. Summary of Pleadings.

Background.

1. This action was filed by Plaintiff under seal on May 11, 2007, pursuant to the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729, et seq., alleging that Defendants defrauded the United States. On January 7, 2009, Plaintiff filed a First Amended Complaint ("Complaint"). The government sought and obtained multiple extensions of the seal period until May 10, 2010, when it filed a Notice of Declination. Thereafter, the complaint was unsealed and served upon the Defendants.

2. Defendants sought an extension of time to respond to the complaint, and then filed a motion to dismiss on August 27, 2010. On December 29, 2010, the Court denied Defendants' motion in its entirety (Docket No. 69).

Summary of Factual and Legal Contentions.

3. Plaintiff's complaint alleges causes of action for violation of the False Claims Act arising from Defendants' grant applications under a Public Health Service Act program providing federal funding for qualified health centers. Specifically, Plaintiff alleges that Defendants violated 31 U.S.C. §§ 3729(a)(1), (a)(2), and (a)(3)[1] by knowingly submitting false or fraudulent grant applications; by making, using or causing to

---

[1] The FCA was amended on May 20, 2009. The current numbering for the causes of action are 31 U.S.C. § 3729 (a)(1)(A), (a)(1)(B), and (a)(1)(C).

2

be made or used false records or statements to get the applications approved; and by conspiring to defraud the United States by knowingly submitting false and fraudulent grant applications to obtain federal funding.

4.   Defendants contend that they are not liable for any of the causes of action alleged, and maintain that they did not violate the False Claims Act.  Specifically, Defendants maintain that they did not submit false claims or fraudulent grant applications, did not make, use or cause to be made or used any false records or statements to gain approval of the grant applications.  Defendants contend that all grant monies received from the United States have been properly utilized, reported, and accounted for by Defendants in the manner intended by the grants.  Defendants contend that they did not defraud or conspire to defraud the United States in any manner.

IV.   Orders Re Amendments To Pleadings.

**Plaintiff's position is as follows**.

1.   Plaintiff believes that Defendants' Answer to the First Amended Complaint, filed two days before this Joint Scheduling Report is due, is deficient.  In numerous instances, in responses to allegations in which Plaintiff quotes the contents of documents, Defendants neither admit nor deny the contents of such documents but instead respond that the documents "speak for themselves."  Answer to First Amended Complaint, ¶¶ 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 58, 60, 63, 65, etc.

2.   Moreover, although this action has been on file since 2007, and the complaint has been in Defendants' possession since 2009, Defendants consistently claim that they are "without

knowledge or belief sufficient to admit or deny the allegations," including allegations concerning statements in their own grant applications and other grant materials.

3.   For example, paragraph 44 of the complaint states:

"44.   FHCN described the pre-award professional medical staffing at Ivanhoe as 2.25 (FTEs), consisting of 0.9 FTE for a family practice physician, 0.6 for a nurse practitioner (NP), 0.5 for a physician assistant (PA), and 0.25 for a health educator. <u>Id.</u>, Local Resources Unable to Meet This Need, page 5.  It stated that "[t]he current staff at the Ivanhoe Health Center is operating at full capacity."  <u>Id</u>., Currently Operating at Full Capacity, page 16.  Operating at full capacity was one of the judging criteria used in evaluating grant applications.  BPHC's Expanded Medical Capacity Program Guidance, Readiness and Organizational Capacity, page 19."

4.   Defendants' Answer to paragraph 44 states:

"44.   Answering paragraph 44, Defendants assert that the referenced grant applications speak for themselves. Defendants are otherwise without knowledge or belief sufficient to admit or deny the allegations contained in said paragraph and on that basis deny those allegations."

5.   The Federal Rules allow three responses: an admission, a denial, or a statement of lack of knowledge or information necessary to admit or deny.  Fed.R.Civ.P. 8(b); *In re TCW/Camil Holding L.L.C.*, 2004 WL 1151562 *5 (D. Del. 2004).  A response that a written document "speaks for itself" has been expressly rejected by the courts.  *Chicago Dist. Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc.*, 2000 WL 876921 *1

4

(N.D. Ill. 2000) (court sua sponte issues an order directing counsel to cure "patent" defect when "instead of providing forthright responses to the specific allegations, Balmoral asserts that the documents 'speak for themselves'"); *Fusion Capital Fund II, LLC v. Millenium Holding Group, Inc.*, 2008 WL 719247 *1 (court sua sponte issues an order finding defendants' "document speak for itself" locution improper); *State Farm Auto Insurance Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("speaks for itself" is an "unacceptable device used by lawyers who would prefer not to admit something that is alleged about a document in a complaint").

5. Furthermore, a party has a duty to reasonably investigate the factual allegations in a complaint before simply claiming lack of sufficient knowledge or information. *United States v. 1866.75 Board Feet*, 2008 WL 839792 *3 (E.D. Va. 2008) ("a party may not assert lack of knowledge or information if the necessary facts ... are within his knowledge or easily brought within his knowledge ... or a matter of public record. A denial of knowledge or information in this context casts doubt upon the good faith of the pleader"); *Greenbaum v. United States*, 360 F.Supp. 784, 787 (E.D. Pa. 1973) (when party failed to "exert reasonable effort to obtain knowledge of a fact," an insufficient knowledge claim deemed "an admission"); see *Harvey Aluminum (Inc.) v. N.L.R.B.*, 335 F.2d 749, 757 (9th Cir. 1964) (facts concerning labor policy were "necessarily within the knowledge of General's managing officers," and answer claiming lack of knowledge will result in the "facts alleged in the complaint [to] stand admitted").

5

6. Plaintiff believes she has the right to an appropriate admission or denial regarding the contents of the documents and other facts alleged in the complaint, so that the parties can focus discovery on matters legitimately in dispute.

**Defendants' position is as follows**:

7. Defendants have agreed to amend their responses to paragraphs 43, 45, 46, 47, 48, 49, and 50. With regard to the balance of the responses wherein Defendants responded, in part, by noting that the document speaks for itself, Defendants contend that their responses are sufficient. *See* Answer, paragraphs 26, 32, 52, 53, 58, 60, 66 and 67. In each of those instances, Defendants either admit, deny, or allege insufficient information to admit or deny the allegations in those paragraphs, in addition to asserting that the document speaks for itself. This is sufficient. As the Northern District Court in *Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010) explained, by indicating that the document speaks for itself and admitting or denying the factual allegations in the paragraphs, the defendant is "simply admitting the factual allegations pertaining to the referenced documents to the extent that the documents actually say what [the plaintiff] alleges they say, and denying the factual allegations to the extent that they are contradicted by the actual documents." (Holding that in such instances, the conditional denial was a functional equivalent of a general denial that satisfied the requirements of 8(b)(1)). *See also, Sykes v. Cina Life Ins. Co.*, 2010 U.S. Dist. LEXIS 94047 (N.D. Cal. 2010) (holding that defendants' "the documents speak for themselves" responses were acceptable where defendants

6

also made admissions and conditional and general denials as deemed necessary given the substance and extent of the allegations in each paragraph"). Defendants will file a First Amended Answer, but reserve the right to respond in accordance with the above.

8.  In light of the timing by which the Answer was to be filed, Defendants have not had a full opportunity to address these issues.  However, Defendants welcome the opportunity to consider these issues in full, but do not believe that the scheduling conference is the appropriate forum within which to address these issues.

9.  The parties have agreed to further discuss these matters in an attempt to resolve them without the Court's involvement.

10.  The parties shall have ninety (90) days through and including May 9, 2011 to file amended pleadings without the necessity of a motion.

V.  Factual Summary.

A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.  Sharman Wood is an individual who brings this qui tam suit against Defendants.

2.  Defendant Family Healthcare Network is a California Non-Profit Public Benefit Corporation which has a 501(c)(3) exemption under the Federal tax code.

3.  Harry L. Foster and Tony M. Weber are individuals residing within the Eastern District of California.

4.  At this time, the Defendant, Family Healthcare

Network, sought and obtained grant funds under a public health service program providing federal funding for qualified health centers.

    B.    Contested Facts.

        1.    All remaining facts are contested.

VI.    Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction is invoked under 28 U.S.C. § 1331 and 31 U.S.C. §§ 3729, et seq.

        2.    Venue is proper under 28 U.S.C. § 1391.

    B.    Contested.

        1.    All remaining legal issues are disputed.

VII.    Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.    Discovery Plan and Cut-Off Date.

    1.    The parties agree to make their Rule 26 disclosures on or before February 11, 2011.

    2.    The parties anticipate conducting discovery generally in three basic phases: (a) written discovery, primarily

8

interrogatories, requests for admission and requests for production of documents; (b) deposition of the parties and percipient witnesses; (c) expert witness reports and depositions.

 3. The parties are ordered to complete all discovery on or before December 16, 2011.

 4. The parties are directed to disclose all expert witnesses, in writing, on or before October 19, 2011. Any rebuttal or supplemental expert disclosures will be made on or before November 16, 2011. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

 5. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts shall be fully prepared to be examined on all subjects and opinions included in the designation and their reports, which shall include every opinion to be rendered and all reasons for each opinion. Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

 1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before January 3, 2012, and heard on February 3, 2012, at 9:00 a.m. before Magistrate

1  Judge Sheila K. Oberto in Courtroom 8.
2         2.   In scheduling such motions, the Magistrate
3  Judge may grant applications for an order shortening time
4  pursuant to Local Rule 142(d).  However, if counsel does not
5  obtain an order shortening time, the notice of motion must comply
6  with Local Rule 251 and this schedule.
7         3.   All Dispositive Pre-Trial Motions are to be
8  filed no later than January 17, 2012, and will be heard on
9  February 27, 2012, at 10:00 a.m. before the Honorable Oliver W.
10 Wanger, in Courtroom 3, 7th Floor.  In scheduling such motions,
11 counsel shall comply with Local Rule 230.
12 XI.  Pre-Trial Conference Date.
13        1.   March 26, 2012, at 11:00 a.m. in Courtroom 3, 7th
14 Floor, before the Honorable Oliver W. Wanger.
15        2.   The parties are ordered to file a Joint Pre-
16 Trial Statement pursuant to Local Rule 281(a)(2).
17        3.   Counsel's attention is directed to Rules 281
18 and 282 of the Local Rules of Practice for the Eastern District
19 of California, as to the obligations of counsel in preparing for
20 the pre-trial conference.  The Court insists upon strict
21 compliance with those rules.
22 XII. Motions - Hard Copy.
23        1.   The parties shall submit one (1) courtesy paper copy to
24 the Court of any motions filed.  Exhibits shall be marked with
25 <u>protruding numbered or lettered tabs</u> so that the Court can easily
26 identify such exhibits.
27 XIII.  Trial Date.
28        1.   June 5, 2012, at the hour of 9:00 a.m. in Courtroom 3,

10

1  7th Floor, before the Honorable Oliver W. Wanger, United States
2  District Judge.
3       2.   This is a jury trial.
4       3.   Counsels' Estimate Of Trial Time:
5            a.   Ten to fourteen days.
6       4.   Counsels' attention is directed to Local Rules
7  of Practice for the Eastern District of California, Rule 285.
8  XIV. Settlement Conference.
9       1.   A Settlement Conference is scheduled for January 18,
10 2012, at 11:00 a.m. in Courtroom 8 before the Honorable Sheila K.
11 Oberto, United States Magistrate Judge.
12      2.   Unless otherwise permitted in advance by the
13 Court, the attorneys who will try the case shall appear at the
14 Settlement Conference with the parties and the person or persons
15 having full authority to negotiate and settle the case on any
16 terms at the conference.
17      3.   Permission for a party [not attorney] to attend
18 by telephone may be granted upon request, by letter, with a copy
19 to the other parties, if the party [not attorney] lives and works
20 outside the Eastern District of California, and attendance in
21 person would constitute a hardship.  If telephone attendance is
22 allowed, the party must be immediately available throughout the
23 conference until excused regardless of time zone differences.
24 Any other special arrangements desired in cases where settlement
25 authority rests with a governing body, shall also be proposed in
26 advance by letter copied to all other parties.
27      4.   Confidential Settlement Conference Statement.
28 At least five (5) days prior to the Settlement Conference the

parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.  Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   None.

**XVI. Related Matters Pending.**

    1.   There are no related matters.

**XVII.    Compliance With Federal Procedure.**

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVIII.    Effect Of This Order.**

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

///
///
///
///

3.     Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    February 10, 2011                        /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE