1
2
3
4
5

**IN THE UNITED STATES DISTRICT COURT FOR THE**

6

**EASTERN DISTRICT OF CALIFORNIA**

7
8

**UNITED STATES OF AMERICA ex rel.** )   **1:07-CV–700 AWI SKO**
**SHARMAN WOODK,**                    )

9                                      )   **ORDER CLOSING CASE IN**
                                       )   **LIGHT OF THE PARTIES'S**
**Plaintiff**,                         )   **RULE 41(a) VOLUNTARY**

10                                     )   **DISMISSAL WITH**
**v.**                                 )   **PREJUDICE**

11                                     )
**FAMILY HEALTHCARE NETWORK,**         )

12 **HARRY L. FOSTER, TONY M.**        )
**WEBER, and DOES 1 through 50,**      )

13                                     )
                                       )

14                **Defendants**.      )
_____       )

15
16
17       On June 20, 2012, the parties filed a stipulation for dismissal with prejudice of this case

18 pursuant to Federal Rule of Civil Procedure 41(a)(1).  The notice is signed by all parties who

19 have appeared in this case.

20       Rule 41(a)(1), in relevant part, reads:

21       (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a
         notice of dismissal before the opposing party serves either an answer or a motion

22       for summary judgment; or (ii) a stipulation of dismissal signed by all parties who
         have appeared. . . . (B) Unless the notice or stipulation states otherwise, the

23       dismissal is without prejudice.

24 Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an

25 answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,

26 although an oral stipulation in open court will also suffice.  See Carter v. Beverly Hills Sav. &

27 Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th

28 Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made

in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(A); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1)(i) dismissals).

Because the parties have filed a stipulation for dismissal of this case under Rule 41(a)(1) that is signed by all parties who have made an appearance, this case has terminated.  See Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; cf. Wilson, 111 F.3d at 692.

To the extent the parties request that any dismissal be based upon this Court's retention of jurisdiction to interpret and enforce the parties' settlement agreement, the Court notes that the future federal jurisdiction to enforce a private contractual settlement is normally lacking unless the terms of the agreement are incorporated into the order of dismissal.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994).  A review of the docket reveals that the parties' settlement agreement was provided to the Court as part of the stipulation of dismissal.  The settlement agreement's terms, as found in Doc. No. 93-1, are incorporated into the parties' dismissal of this action.

Therefore, IT IS HEREBY ORDERED that the Clerk is to close this case in light of the parties's filed and properly signed Rule 41(a)(1)(A) Stipulation Of Dismissal with prejudice. IT IS SO ORDERED.

Dated:  __June 25, 2012__

_____
CHIEF UNITED STATES DISTRICT JUDGE